United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HANSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>NESTLE WATERS NORTH AMERICA, INC., et al.,<br><br>    Defendants. | NO. C 05-02995 JW<br><br>**SCHEDULING ORDER** |

Upon filing, this case was scheduled for a case management conference on December 5, 2005. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. Based on their joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, the case management conference is cancelled and the parties are ordered to comply with the following schedule:

### A. Standing Order to Lodge Printed Copy of "ECF" Papers

1. In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion for determination by the Judge or Preliminary Pretrial and Trial Setting Conference Statements and Proposed Orders, the parties shall, in addition to filing papers electronically, lodge with Chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. *See* Standing Order Regarding Case Management in Civil Cases. These printed copies shall be submitted to the Clerk's Office, in an envelope

clearly marked "Chambers Copy -- Lodged for the Chambers of Judge Ware" and shall state the case name and case number. Parties shall not "file" a paper copy of any document with the Clerk's Office that has already been e-filed.

### B.  Compliance with Discovery Plan and Reference to Magistrate Judge

2. The parties are ordered to comply with the discovery plan set forth in the Joint Case Management Statement. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### C.  Document Management During Pretrial Discovery and Electronic Evidence Presentation

3. This Court has available a digital and video electronic evidence presentation system. The parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000). The Court's standard order for pretrial preparation also applies. The Court orders as follows:

### D.  Disclosure of Expert Witnesses

4. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) on or before April 28, 2006.

5. Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

2

6. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

7. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than June 12, 2006 at 9:00 a.m.

### E.  Rebuttal Expert Witnesses

8. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than June 16, 2006.

### F.  Limitation on Testimony by Expert Witnesses

9. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition.  This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.  Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### G.  Close of Discovery

10.  Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of expert witnesses, must be completed by June 26, 2006.

### H.  Last date for Hearing Dispositive Motions

11.  The last day for hearing dispositive motions is July 31, 2006 at 9:00 a.m.  Any motions must be noticed in accordance with the Local Rules of this Court.

### I.  Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

12.  The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on October 6, 2006 a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.  Ordinarily, depending on the length of the trial the Court will

set the trial during a calendar period approximately three to four months after the Preliminary Pretrial and Trial Setting Conference. In the Statement discussed in this paragraph, the parties should show any cause why the case should be advanced or delayed beyond this period.

13. The attorneys who will try the case are ordered to appear on October 16, 2006 at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

14. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

15. With respect to the calendar period for trial, based on the time allotted to the case, a calendar period for trial will be set. In the event it becomes necessary to delay the start of trial because of the Court's calendar, the commencement date will trail from day-to day until the other matter is concluded or further order of court.

Dated: November 28, 2005                                /s/ James Ware
05eciv2995cmc                                           JAMES WARE
                                                        United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Lindbergh Porter lporter@allenmatkins.com
Mary D. Walsh mwalsh@allenmatkins.com
Patrick K. Palacios palacioslaw@earthlink.net

James H. Coil
Kilpatrick Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

**Dated: November 28, 2005**                          **Richard W. Wieking, Clerk**

                                                      **By:   /s/ JW Chambers**
                                                            **Ronald L. Davis**
                                                            **Courtroom Deputy**